S. LANE TUCKER
United States Attorney

AINSLEY MCNERNEY
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Ainsley.McNerney1@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN KEVIN POWELL,<br><br>Defendant. | No. 3:22-cr-00061-JMK-KFR<br><br>**PLEA AGREEMENT** |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Indictment in this case: 1 - Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). The defendant will agree to recommend a sentence not to fall below a 15-year term of incarceration. The United States agrees to dismiss Counts 2 through 5 of the Indictment. The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Indictment.

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

1. **The defendant agrees to plead guilty to the following count(s) of the Indictment:**

Count 1: Coercion and Enticement of a Minor, a violation of 18 U.S.C. § 2422(b)

### B. Elements

The elements of the charge(s) in Count 1 to which the defendant is pleading guilty are as follows:

1. The defendant used and attempted to use a means of interstate or foreign commerce, that is electronic communications, to knowingly persuade, induce, entice, or coerce Victim-1 to engage in sexual activity;

2. If the sexual activity had occurred, the defendant could have been charged with a criminal offense in violation of the laws of the United States and the State of Alaska, to wit 18 U.S.C. § 2251, AS 11.41.436(a)(1) and AS 11.41.455(a); and

3. Victim-1 was under the age of 18 at the time she was persuaded, induced, enticed, and coerced by the defendant.

### C. Factual Basis

The defendant admits the truth of the allegations in Count 1 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon

this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

Between January 3, 2022, and May 11, 2022, Brian Kevin Powell sexually exploited and manipulated Victim-1, a 13-year-old girl living in Bethel, Alaska, using the telephone, text messaging, FaceTime, and Snapchat. Phone records indicate that the defendant contacted Victim-1 thousands of times during this period.

Victim-1 reported that the defendant first contacted her through Snapchat, a photo-sharing, and chat-based social media application. Victim-1 was 12 years old when the defendant first contacted her and turned 13 shortly thereafter. The defendant told Victim-1 and she believed that his name was Brian Gaither and that he was 27 years old, when in fact his name is Brian Powell and he was 40 years old during the relevant period.

The Defendant employed, used, persuaded, induced, enticed and coerced 12/13-year-old Victim-1 with the intent that she engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct and for the purpose of transmitting live visual depictions primarily through text messaging and FaceTime.

These video and text conversations occurred approximately daily over the 5-month period. During FaceTime calls, the defendant induced and coerced Victim-1 to engage in sexually explicit conduct, to include masturbation and lascivious exhibition of the anus, genitals, and pubic area. The defendant coerced Victim-1 to intentionally touch her genitalia with an intent to abuse, harass and degrade Victim-1 and to arouse and gratify his own sexual desire. He watched Victim-1 touch herself while simultaneously touching his own genitalia for his own sexual gratification.

U.S. v. Brian Kevin Powell
3:22-cr-00061-JMK-KFR					Page 4 of 18

Case 3:22-cr-00061-JMK-KFR   Document 30   Filed 08/24/23   Page 4 of 18

In addition to employing, using, persuading, inducing, enticing and coercing Victim-1 to engage in sexually explicit conduct over FaceTime, the defendant shared thousands of sexually explicit text messages with Victim-1. During this daily "sexting," the defendant continually expressed his desire to have sexual intercourse with Victim-1. The defendant persuaded and coerced Victim-1 to send sexually explicit photographs of herself to the defendant throughout their 5-month period of interaction. The defendant also sent sexually explicit photographs of himself to Victim-1 for the purpose of coercing, enticing, and persuading her to engage in sexually explicit conduct.

The defendant emotionally exploited and manipulated Victim-1 in various ways. During the defendant's enticement and coercion of Victim-1, he harassed and intimidated Victim-1 by creating fake social media accounts, sending Victim-1's sexually explicit photographs to those accounts, and then accusing Victim-1 of sending those same photographs to other individuals. When accusing Victim-1 of sending sexually explicit photographs of herself to others, the defendant was unrelenting in his verbal abuse

The defendant also pressured Victim-1 to distance herself from friends and family, and ultimately convinced Victim-1 to stop attending school. The defendant demanded that Victim-1 forward to him all of her texts with other individuals and provide him with her passwords to social media accounts and access to her iCloud so that he could track her movements. The defendant's constant harassment and intimidation caused Victim-1 substantial emotional distress.

The defendant knew Victim-1's true age no later than February 2022, when he sent Victim-1 a screen shot of her mother's Facebook page depicting a post regarding Victim-

1's 13th birthday party. The defendant did not discontinue contact at that time and later stated in an interview with law enforcement that he "should have just stopped talking to her" when he learned of her age and he knew he would "probably" end up being arrested and "obviously [] go to jail." During that same interview, the defendant stated his understanding of "underage pornography" is pornography depicting any person under the age of 18 years old.

The defendant was ultimately arrested on May 19, 2022. Law enforcement seized several electronic devices, on which they located numerous sexually explicit photos and videos the defendant had enticed and coerced Victim-1 to send to him, showing her face and also labeled by the defendant with Victim-1's first and last name.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: 18 U.S.C. § 2422(b) (Coercion and Enticement of a Minor)

1) A term of imprisonment for not less than 10 years and not to exceed life imprisonment;

2) 5 years to life of supervised release;

3) $250,000 fine;

4) $5,000 fine pursuant to the Justice for Victims of Trafficking Act; and

5) $100 special assessment.

## 2. Other Matters Affecting Sentence

### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of United States Sentencing Guidelines (U.S.S.G). § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the

right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

The defendant agrees that the Court will order restitution to the guardian of Victim-1, of $35,016.13 to cover Victim-1's moving costs and future counseling.

### F. Voluntary Abandonment

"Personal property to be voluntarily abandoned under this agreement include the following items: Any and all matter which contains visual depictions produced, transported, mailed, shipped, or received in violation thereof; any property constituting or traceable to gross profits or other proceeds the defendant obtained as a result of the aforementioned violation; and any and all property used or intended to be used to commit and to promote the commission of the aforementioned violations, including but not limited to all electronic devices currently in the possession of law enforcement. The defendant warrants that the defendant had sole possession and ownership of the property referenced above, and that there are no claims to, or liens or encumbrances on the property referenced above. Defendant will take all steps as requested by the United States to pass clear title to the property, including but not limited to, executing documents, and

U.S. v. Brian Kevin Powell
3:22-cr-00061-JMK-KFR          Page 8 of 18

testifying truthfully in any legal proceeding. The defendant agrees to forever abandon and disclaim any right, title, and interest the defendant may have in the property described above, and warrant to the Court free, clear and unencumbered title to the aforelisted property.

### III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

#### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Guidelines (U.S.S.G). as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

#### B. Guideline Application Agreements

The parties agree that §2G1.3(c)(1) (Cross References) applies. Accordingly, the parties stipulate that the defendant's sentence shall be calculated under §2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material; Custodian Permitted Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production), and agree that the following Specific Offense Characteristics apply:

- §2G2.1(b)(1) (victim over age of 12 but under 16)
- §2G2.1(b)(2)(A) (sexual contact)

- §2G2.1(b)(3) (distribution)

- §2G2.1(b)(6)(A) (knowing misrepresentation of the defendant's identity) and (B) (use of a computer or interactive computer service)

   1. **Acceptance of Responsibility**

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1 or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

   C.  **Sentencing Recommendations**

The United States Probation Office (U.S.P.O) will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The defendant will agree to recommend a sentence not to fall below a 15-year term of incarceration. The United States agrees to recommend a 30-year sentence. The

parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

U.S. v. Brian Kevin Powell
3:22-cr-00061-JMK-KFR          Page 11 of 18

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

### B. Appellate Rights

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions

of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

D. **Claim for Attorney Fees and Costs**

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

E. **Evidence Rule 410 and Fed. R. Crim. P. 11(f)**

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Fed. R. Crim. P. 11(f) and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

F. **Potential Plea before Magistrate Judge**

The defendant has the right to enter a plea before a United States District Court Judge. The defendant, defense counsel, and the attorney for the Government consent to have the defendant's plea(s) taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P.

11 and 59. The parties understand that if the Magistrate Judge recommends that the plea(s) of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The defendant agrees that if the defendant is pleading guilty to an offense described in 18 U.S.C. §. 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he/she agrees in court to the factual basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Brian Kevin Powell, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises,

assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to

enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of 1 - Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) of the Indictment.

DATED: 8/23/23

_____
BRIAN KEVIN POWELL
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 8/23/23

BURKE WONNELL
Attorney for Brian Kevin Powell

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

S. LANE TUCKER
United States Attorney

DATED: August 24, 2023

AINSLEY MCNERNEY
Assistant United States Attorney