Burke Wonnell
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: burke_wonnell@fd.org

Counsel for Defendant Brian Powell

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | Case No. 3:22-cr-61 JMK KFR |
|---|---|
| Plaintiff, | **SENTENCING MEMORANDUM** |
| vs. | |
| BRIAN KEVIN POWELL, | |
| Defendant. | |

Pursuant to a plea agreement, Defendant pled guilty to one count of Coercion and Enticement in violation of 18 U.S.C. §2422(b). The parties agreed that Defendant would not recommend a sentence below 15 years, and the government agreed to recommend a 30-year sentence. The applicable guideline range is 168 to 210 months, and probation has recommended a 200-month sentence. 180 months, which term Defendant has agreed not to recommend below, is in the middle of the range.

I. Sentencing Factors

Pursuant to 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

> (1) the nature and circumstances of the offense and the
>     history and characteristics of the defendant;
> (2) the need for the sentence imposed –
>     (A) to reflect the seriousness of the offense, to
>         promote respect for the law, and to provide just
>         punishment for the offense;
>     (B) to afford adequate deterrence to criminal
>         conduct;
>     (C) to protect the public from further crimes of the
>         defendant; and
>     (D) to provide the defendant with needed educational
>         or vocational training, medical care, or other
>         correctional treatment in the most effective
>         manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range
>     established for –
>     (A) the applicable category of offense committed by
>         the applicable of defendant as set forth in the
>         guidelines-
>         (i)  issued by the Sentencing Commission [. . .]
>         (ii) that, except as provided in section
>              3742(g), are in effect on the date the
>              defendant is sentenced [. . .]
> (5) and pertinent policy statement –
>     (A) issued by the sentencing commission [. . .]
>     (B) that, except as provided in section 3742(g), is
>         in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities
>     among defendants with similar records who have been
>     found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the
>     offense.

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to satisfy the purposes outlined in subsection (2). Id.

/

*United States v. Jose Antonio Galvan, Jr.*
Case No. 3:22-cr-17 JMK MMS                                         Page 2

## II. Argument

a. Advisory Guidelines

Probation has correctly calculated Powell's advisory range at 168 to 210 months. Probation has recommended a within-guideline sentence of 200 months.

b. Statutory Sentencing Criteria

In applying the 3553(a) criteria to this case, a sentence of 180 months would be sufficient.

### 1. Nature and Circumstances of the Offense

While this offense conduct is serious, it did not involve hands on contact with the minor victim. It appears to be a heartland case which warrants a sentence within the guideline range.

### 2. The Need to Avoid Unwarranted Sentencing Disparities

A 180-month sentence is in line with sentences imposed for similarly situated defendants in this District in recent years. For example, in U.S. v. Walls, 3:18-cr-76 SLG, the defendant was convicted of the same offense that Powell has pled to. Walls' offense conduct involved grooming multiple female children between the ages of 14 and 16 for sexual activity, and he produced child pornography containing the hands on activity. See Government Sentencing Memorandum, Docket 51, at 5. He apparently transmitted an STD to a 14-year-old girl. Id., at 7.

*United States v. Jose Antonio Galvan, Jr.*
Case No. 3:22-cr-17 JMK MMS                                                Page 3

Walls' adjusted advisory guideline sentencing range was 262-327 months, and probation recommended a below guideline sentence of 240 months. The government recommended 240 months. The Court imposed 180 months.

Powell's guideline range is much lower than Walls', probation's recommendation is lower, and his offense conduct, while admittedly very serious, did not rise to the level of Walls'. It certainly would offend the need to treat similarly situated people the same if Powell received a WORSE sentence than Walls.

### III.  Conclusion

For the aforementioned reasons, a sentence of 180 months would be sufficient in light of the sentencing factors under 18 U.S.C. §3553(a).

DATED at Anchorage, Alaska this 23rd day of December, 2023.

>Respectfully submitted,
>
>FEDERAL PUBLIC DEFENDER
>FOR THE DISTRICT OF ALASKA
>
>*/s/ Burke Wonnell*
>Burke Wonnell
>Assistant Federal Defender
>Counsel for Brian Powell

<u>Certificate of Service</u>:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on December 14, 2023. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Burke Wonnell*